UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SCOTT REEVES, et al.                                                                                  PLAINTIFFS

V.                                            CIVIL ACTION NO. 3:22-CV-00042-KHJ-MTP

AV NAIL SPA RIDGELAND, INC., et al.                                          DEFENDANTS

ORDER

Before the Court is Defendants AV Nail Spa Ridgeland, Inc. ("AV Nail Spa"), Lan Khue Ti Amanda Hyunh, Michael Lam, Vinh Ho, and Thanh Lan Do's (collectively "Defendants") Motion to Dismiss [14]. For the following reasons, the Court denies the motion without prejudice.

I.   Facts and Procedural History

This case arises from an employment relationship between Plaintiffs Scott Reeves and Hung Thanh "Tim" Nguyen (collectively "Plaintiffs") and Defendant AV Nail Spa. AV Nail Spa is in Ridgeland, Mississippi and is part of a chain of nail salons with 80 locations nationwide. Amend. Compl. [10] ¶ 10. These 80 nail salons operate under the names of "Anthony Vince Nail Salon," "M. Vince Nail Spa," and "AV Nail Salon." *Id.*

Lam owns a portion of the 80 nail salons. *Id.* ¶ 5. Ho also owns a portion of the 80 nail salons and is listed as the president of AV Nail Spa. *Id.* ¶ 6. Do is the Chief Financial Officer ("CFO") of the 80 nail salons and is listed as the registered

agent of AV Nail Spa. *Id.* ¶ 7. Ha is part owner of and is listed as the secretary of AV Nail Spa and allegedly a partner or part owner of the other locations. *Id.* ¶ 8.

When Defendants opened AV Nail Spa in Ridgeland, Mississippi, they hired Hyunh to work as the manager. *Id.* ¶ 21. Hyunh hired Reeves as the assistant manager, which included the duties of receptionist and nail technician when needed. *Id.* ¶ 23. Defendants employed Nguyen as a nail technician. *Id.* ¶ 3.

AV Nail Spa classifies its nail technicians as independent contractors, paying them on a commission basis. *Id.* ¶ 15. While Defendants allegedly paid non-Asian nail technicians 100% of their commission by check, they allegedly paid Asian nail technicians, including Nguyen, 60% of their commission by check with the remaining 40% paid in cash. *Id.* ¶ 16, 17. Plaintiffs allege that AV Nail Spa did not report the cash payments to the Internal Revenue Service ("IRS"). *Id.* ¶ 17.

Hyunh allegedly oversaw the payroll practice at AV Nail Spa. *Id.* ¶ 26. Along with handling the bi-monthly payroll, she also helped prepare the 1099 and W2 forms and reported the information to Defendants' home office in Ohio. *Id.* ¶ 28. In January of each year, Defendants filed an information tax return with the IRS, which Plaintiffs claim fraudulently understated the actual earnings of the Asian technicians. *Id.* ¶¶ 29, 66.

Several nail technicians, including Nguyen, reported to Reeves that they believed Hyunh was keeping some of their tips. *Id.* ¶ 30. After investigating the matter, Reeves confronted Hyunh, who denied the allegations. *Id.* ¶¶ 32–33. Ultimately, Plaintiffs allege that Hyunh fired Reeves on July 27, 2020, after months

of disagreements about the spa's pay practice. *Id.* ¶ 35. After this, Reeves discovered pay discrepancies documented on his W2 form and demanded that Hyunh reimburse him. *Id.* ¶ 43. Hyunh allegedly agreed to pay Reeves $48,000, and they signed a contract. *Id.* ¶ 45. The amount, however, was a division of marital assets[1] and did not include the alleged amounts for unpaid compensation for working at AV Nail Spa. *Id.*

Nguyen later gave Reeves a petition dated September 17, 2020, which had been signed by other technicians complaining about Hyunh's conduct. *Id.* ¶ 46. Reeves sent the petition to Ho, Do, AV Nail Spa's CEO and his wife, and reported Hyunh's other alleged misconduct and sent supporting documents. *Id.* ¶¶ 47, 48. Several days after, Ha and Do visited Ridgeland, Mississippi to investigate the matter. *Id.* ¶ 49. The next month, Plaintiffs claim Hyunh immediately fired Nguyen after she discovered he signed the petition. *Id.* ¶ 61.

Plaintiffs sued Defendants, alleging retaliation and failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 201 *et seq.*, submission of fraudulent tax returns in violation of 26 U.S.C. § 7434, breach of contract, and wrongful termination. *Id.* ¶¶ 64–69.1. Plaintiffs claim that Lam, Ho, Do, and Ha exert control over important aspects of operations at AV Nail Spa, including the failure to pay overtime compensation and submission of fraudulent forms to the IRS. *Id.* ¶ 8.1. Plaintiffs also allege that Lam, Ho, Do, Ha,

---

[1] Hyunh and Reeves were married from 2013 to 2018. *Id.* ¶¶ 18–20.

and Hyunh possess managerial duties and exert substantial control over terms and conditions of employment at AV Nail Spa. *Id.* ¶¶ 8.2, 9.1.

Defendants now move to dismiss Plaintiffs' Complaint for lack of personal jurisdiction under Rule 12(b)(2) and for failure to state a claim under Rule 12(b)(6). [14].

    II.    Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2)

        a.  Standard

Under Rule 12(b)(2), a lawsuit may be dismissed for a lack of personal jurisdiction. *See* Fed. R. Civ. 12(b)(2). "When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Unified Brands, Inc. v. Teders*, 868 F. Supp. 2d 572, 577 (S.D. Miss. 2012) (quoting *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996)). The Court must take the "allegations contained in the complaint, except insofar as controverted by opposing affidavits," as true. *Colwell Realty Invs., Inc. v. Triple T Inns of Az., Inc.*, 785 F.2d 1330, 1333 (5th Cir. 1986). If the Court does not rely on an evidentiary hearing but instead decides the motion on the basis of the pleadings and exhibits on file, the plaintiff is only required to present a prima facie case of personal jurisdiction. *DeCarlo v. Bonus Stores, Inc.*, 413 F. Supp. 2d 770, 775 (S.D. Miss. 2006) (citing *Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 332 (5th Cir. 1982)). To determine whether a prima facie case has been established, all conflicts in the facts alleged in the complaint and opposing affidavits must be resolved in the plaintiff's favor. *DeCarlo*,

413 F. Supp. 2d at 775 (citing *Thompson v. Chrysler Motors, Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985) and *DeMelo v. Toche Marine Inc.*, 711 F.2d 1260, 1270 (5th Cir. 1983)).

      b.  Analysis

Defendants challenge the Court's personal jurisdiction over Lam, Ho, Do, and Ha. [15] at 4. Because the Court's subject matter jurisdiction is based on federal question jurisdiction under 28 U.S.C. § 1331, the personal jurisdiction analysis requires the Court to first look at any service of process provisions in the statute giving rise to the federal question. *Unified Brands*, 868 F. Supp. 2d at 577 (citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 105–06 (1987)). When the federal statute is silent about service of process, as with the FLSA, the Court may exercise personal jurisdiction "over only those defendants who are subject to the jurisdiction of courts of the state in which the court sits." *Id.* (quoting *Point Landing, Inc. v. Omni Cap. Int'l, Ltd.*, 795 F.2d 415, 419 (5th Cir. 1986)); *see also Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992) (holding that the FLSA is silent on service of process). Accordingly, the Court applies the personal jurisdiction analysis used in diversity of citizenship cases to Plaintiffs' federal and state law claims. *Unified Brands*, 868 F. Supp. 2d at 578.

In an action based on diversity, two requirements must be met for the Court to exercise personal jurisdiction over a nonresident defendant. First, the Court must find that the state's long-arm statute applies. *DeMelo*, 711 F.2d at 1265. Then, the Court must determine that the application of the state long-arm statute comports

with the due process requirements of the Fourteenth Amendment. *Brown*, 688 F.2d at 331–32.

Mississippi's long-arm statute allows the Court to exercise personal jurisdiction over nonresident defendants: (1) that have made a contract with a Mississippi resident that is to be performed in whole or in part by any party in Mississippi; (2) that have committed a tort in Mississippi; or (3) who do business or perform any character of work in Mississippi. *See* Miss. Code Ann § 13-3-57.

The Court finds that Lam, Ho, Do, and Ha did business or performed work in Mississippi. The long-arm statute, by its plain terms, applies to any person performing any character of work in this state. *Est. of Jones v. Phillips ex rel. Phillips*, 992 So. 2d 1131, 1139 (Miss. 2008). Plaintiffs allege that Lam owns a portion of the 80 nail salons, Ho also owns a portion of the 80 nail salons and is listed as the president of AV Nail Spa, Do is the CFO for the 80 nail salons and is listed as Av Nail Spa's registered agent, and Ha is part owner of and secretary of AV Nail Spa. *See* [10] ¶¶ 5–8. Plaintiffs also allege that these Defendants exert control over operations at AV Nail Spa, including terms and conditions of employment, and possess managerial duties. [10] ¶¶ 8.1–8.2. Accepting these allegations as true, Lam, Ho, Do, and Ha have conducted business in Mississippi through their respective ownership and exertion of control and are therefore subject to personal jurisdiction under the doing business prong.

The next inquiry is whether the Court's exercise of personal jurisdiction over Lam, Ho, Do, and Ha comports with the dictates of the Fourteenth Amendment's Due Process Clause. *Brown*, 688 F.2d at 331–32. The Due Process Clause

> permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice.

*Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214–15 (5th Cir. 2000). Minimum contacts can be established either through contacts sufficient to assert specific or general jurisdiction. *Id.* at 215. Relevant here, specific jurisdiction over a nonresident defendant is proper "when the [nonresident] has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* "Each defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984).

Defendants argue that Lam, Ho, Do, and Ha lack sufficient minimum contacts such that they would reasonably anticipate being haled into court in Mississippi. [15] at 5. Plaintiffs respond that those Defendants have varying degrees of ownership and managerial duties relating to AV Nail Spa. Resp. [20] at 3.

The Court finds that Plaintiffs fail to sufficiently allege minimum contacts to establish specific jurisdiction under the Due Process Clause. Plaintiffs allege nothing in their Amended Complaint that ascribes specific conduct to Lam, Ho, Do,

7

and Ha. Rather, Plaintiffs merely allege that "Defendants" violated the specific laws giving rise to their claims. "[I]t is not enough to simply rest on the use of the collective term, 'Defendants,' in the allegations." *Smith v. Antler Insanity, LLC*, 58 F. Supp. 3d 716, 723 (S.D. Miss. 2014) (quoting *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 793 (5th Cir. 2007) (citation omitted)). Again, "[e]ach defendant's contacts with the forum State must be assessed individually." *Calder*, 465 U.S. at 790. At most, Plaintiffs allege that Ha and Do came to Ridgeland, Mississippi to investigate the Hyunh's alleged misconduct, and Do reviewed and approved AV Nail Spa's bi-monthly payroll. [10] ¶¶ 27, 49. This conduct, however, is insufficient to conclude that these individuals "purposefully directed [their] activities at the forum state" and "purposefully availed [themselves] of the privileges of conducting activities" in Mississippi. *ITL Intern., Inc. v. Constensla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012).

The Amended Complaint does not sufficiently allege personal jurisdiction over Lam, Ho, Do, and Ha. The Court, however, will allow the Plaintiffs one last opportunity to amend. Accordingly, the Court denies the Defendants' motion without prejudice and grants leave to amend.

    III.    Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6)

        a. Standard

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must consider whether the complaint states a valid claim for relief, viewing all evidence in the light most favorable to the plaintiff. *Doe v.*

*MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555).

    b. Analysis

Plaintiffs bring claims of retaliation and failure to pay overtime compensation under the FLSA, submission of fraudulent information returns in violation of 26 U.S.C. § 7434, breach of contract, and wrongful termination. Defendants move to dismiss all claims. Because the Court determined that Plaintiffs failed to sufficiently allege facts to support personal jurisdiction over Lam, Ho, Do, and Ha, it assesses the next claims as against only AV Nail Spa and Hyunh.

    i. Federal Claims

        1. FLSA

The FLSA ordinarily requires employers to pay overtime to employees who work in excess of 40 hours a week. 29 U.S.C. § 207(a)(1). If an employer violates this rule, it is "liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated

9

damages." *White v. United States Corr., L.L.C.*, 996 F.3d 302, 308 (5th Cir. 2021) (citations omitted). The FLSA also makes it unlawful for an employer to "discharge or in any other manner discriminate against an employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3).

### a. Employer and Employee

To begin, the parties dispute whether the FLSA applies, disagreeing about whether Nguyen is an employee within the meaning of the FLSA. *See* [20] at 1–2; [15] at 7.

Whether an individual is an employee within the meaning of the FLSA is a question of law. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019). "The definition of employee under the FLSA is particularly broad." *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008) (citing *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992)). The Fifth Circuit employs an economic reality test and directs the Court to consider "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship." *Id.* As to the control factor, it "is only significant when it shows an individual exerts such control over a meaningful part of the business that she stands as a separate economic reality." *Id.* (citation omitted).

10

Here, although the Amended Complaint states that nail technicians are classified as independent contractors, the Court finds that Nguyen plausibly alleges that he is an employee within the meaning of the FLSA. [10] ¶ 15. Plaintiffs allege that Hyunh exercised substantial control over the terms and conditions of employment, including hiring and firing Nguyen, handling his tips, and managing the payroll practice. [10] ¶¶ 9.1, 26–27, 50, 54, 57, 61. Therefore, because the definition of employee is "particularly broad," Plaintiffs plausibly plead that Nguyen is an employee and the FLSA applies.

b. Retaliation

To state a FLSA retaliation claim, a plaintiff must demonstrate "(1) participation in a protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the protected activity and the adverse action." *Potter v. Cardinal Health 200, LLC.*, 381 F. Supp. 3d 729, 739 (E.D. Tex. 2019) (quoting *Hagan v. Echostar Satellite, LLC*, 529 F.3d 617, 624 (5th Cir. 2008)).

Plaintiffs sufficiently allege that they participated in a protected activity. The Fifth Circuit "allows an informal, internal complaint to constitute protected activity under Section 215(a)(3). . . ." *Id.* at 626. For an employee's communication to constitute a complaint, the "employer must have fair notice that an employee is making a complaint that could subject the employer to a later claim of retaliation" and the "complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the [FLSA] and a call for their protection." *Id.* Additionally, "such an

11

assertion of rights requires that an employee step outside his normal job role and assert a right adverse to the company." *Id.* at 627.

Plaintiffs allege that Reeves sent a petition, which Nguyen signed, complaining about Hyunh's alleged misconduct to Ho and Do, and the CEO and his wife, reported specific instances of such misconduct, and sent supporting documents. *See* [10] ¶¶ 46, 47. These allegations are enough to support that such informal, internal complaint constitutes protected activity under the FLSA.

Second, Plaintiffs allege they were both fired—a materially adverse employment action. [10] ¶¶ 35, 61; *see Stewart v. Miss. Transp. Com'n*, 586 F.3d 321, 331 (5th Cir. 2009) ("To constitute prohibited retaliation, an employment action must be 'materially adverse,' one that would 'dissuaded[] a reasonable worker from making or supporting a charge of discrimination.'").

Third, as for Reeves, no causal connection exists between the protected activity and the adverse action. The Amended Complaint alleges that Reeves was fired on July 27, 2020, and the petition, dated September 17, 2020, was given to him after he was fired. [10] ¶¶ 35, 46. Additionally, Reeves allegedly gave the petition to Defendants after he was fired. *Id.* ¶ 46. There can be no causal connection when the protected activity happened after the adverse action and Reeves therefore fails to state a claim for retaliation under the FLSA.

As for Nguyen, the Amended Complaint claims that on October 3, 2020, Hyunh immediately fired him once she learned that he signed the petition. *Id.* ¶ 61. Drawing reasonable inferences in favor of Nguyen, this allegation is enough to

support that a causal link between the protected activity and the adverse action exists. Nguyen states a claim for retaliation under the FLSA. In sum, Plaintiffs fail to state a claim as to Reeves but state a claim as to Nguyen.

### c. Unpaid Overtime

Plaintiffs appear to only assert that Nguyen was not paid overtime compensation. *See* [10] ¶ at 8–9. To sufficiently state a claim for unpaid overtime under the FLSA, a plaintiff must plead "(1) that there existed an employee-employer relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res., Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

Plaintiffs fail to allege that they engaged in activities within the coverage of the FLSA. To do this, a plaintiff must allege that he or she is "engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(2). The Amended Complaint lacks allegations to establish that Plaintiffs participated in interstate commerce or that AV Nail Spa was an enterprise connected to interstate commerce.

And Plaintiffs fail to allege that Hyunh and AV Nail Spa violated FLSA's overtime wage requirements. The Amended Complaint merely claims that the individual Defendants, Lam, Ho, Do, and Ha, failed to pay overtime with no

13

mention of either Hyunh or AV Nail Spa. *See* [10] ¶ 8.1. Plaintiffs therefore fail to state a claim for unpaid overtime under the FLSA.

2. Fraudulent Information Return Claim

Plaintiffs claim that Defendants submitted fraudulent information returns to the IRS showing an incorrect amount of earnings for Reeves and Nguyen in violation of 26 U.S.C. § 7434. [10] ¶ 66. Section 7434 of the Internal Revenue Code provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

To establish a claim under § 7434, the taxpayer must prove that (1) the defendant issued an information return; (2) the information return was fraudulent; and (3) the defendant willfully issued a fraudulent return. *Hood v. JeJe Enters., Inc.*, 207 F. Supp. 3d 1363, 1379 (N.D. Ga. 2016) (collecting cases).

Plaintiffs fail to allege that AV Nail Spa or Hyunh issued the information returns. Instead, Plaintiffs merely allege that "Defendants" filed fraudulent information returns, 1099 and W2 forms, to the IRS yearly. [10] ¶¶ 29, 66. Plaintiffs again rely on the collective term, "Defendants," without stating specifically who issued the returns. The Amended Complaint lacks "specific facts as to the who, what, when, why, or how surrounding the actual filing of returns," which is required to state a claim under § 7343. *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1298 (S.D. Fla. 2014). Thus, Plaintiffs fail to state this claim.

14

### ii. State Law Claims

#### 1. Breach of Contract Claim

Plaintiffs bring a breach of contract claim. To state a claim for breach of contract, a party must allege a valid and binding contract existed and defendant breached the contract. *Bus. Commc'n, Inc. v. Banks*, 90 So.3d 1221, 1224–25 (Miss. 2012). Plaintiffs only allege that Reeves and Hyunh signed a contract for payment of $48,000 that was a division of marital assets and not the amounts owed to Reeves for unpaid compensation. [10] ¶ 45. There are no allegations that Hyunh breached the contract and therefore Plaintiffs fail to state a claim for breach of contract.

#### 2. Wrongful Termination

Lastly, Plaintiffs bring a wrongful termination claim in violation of state law. [10] ¶ 68. Mississippi follows the employment at will doctrine, which provides that "an employment contract at will may be terminated by either party with or without justification." *McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603, 606 (Miss. 1993) (citation omitted). "Absent an employment contract expressly providing to the contrary," the employment at will doctrine applies. *Id.* But the Mississippi Supreme Court recognized two exceptions to the doctrine in *McArn v. Allied Bruce-Terminix Co.*, 626 So. 3d at 607. Relevant here, "an employee who is discharged for reporting illegal acts of his employer to the employer or anyone else is not barred by the employment at will doctrine from bringing action in tort for damages against his employer." *Id.* at 607.

Plaintiffs allege that employees, including Nguyen, signed a petition to spotlight Hyunh's alleged misconduct of withholding tips. [10] ¶¶ 46, 60, 61. And Reeves sent the petition to Ho, Do, and AV Nail Spa's CEO. *Id.* ¶¶ 54, 60. Accepting these allegations as true, the Court finds that Plaintiffs plausibly pled a wrongful termination claim and Defendants' motion as to this claim is denied.

IV.   Conclusion

This Court has considered all of parties' arguments. Those the Court does not address would not have changed the outcome.

The Court will provide Plaintiffs an opportunity to amend their Amended Complaint and plead their best case. If they do not, the Court will dismiss all parties over which it has no personal jurisdiction and claims that do not state a claim upon which relief should be granted.

The Court DENIES Defendants' Motion to Dismiss [14] without prejudice.

IT IS FURTHER ORDERED that the Court will allow Plaintiffs to amend their Amended Complaint to cure deficiencies identified by the Court within 14 days from today.

SO ORDERED AND ADJUDGED this the 15th day of August, 2022.

*s/ Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE